UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. DAVIS, | No. 2:11-cv-1100 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. CARLTON, et al., | |
| Defendants. | |

     Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. By order filed February 13, 2014, plaintiff was accorded an additional sixty (60) days within which to file an Amended Complaint that conforms with the guidelines set forth in this court's order filed December 12, 2013, and that is no longer than 25 pages in length, excluding exhibits.

     Plaintiff now makes two requests: (1) the removal of the undersigned magistrate judge from this case, together with vacating the undersigned's December 12, 2013 order; and (2) appointment of counsel. (See ECF No. 18.)

     Plaintiff avers that he specifically declined the jurisdiction of the undersigned magistrate judge when he signed and filed the "Decline of Jurisdiction" form provided by the court. (See ECF No. 8.) Plaintiff is mistaken. By signing that form, plaintiff declined the jurisdiction of the magistrate judge for *all* purposes, in lieu of assigning a district judge, under 28 U.S.C. § 636(c). Plaintiff thereby agreed to retain the routine division of judicial authority in this court,

1

1 specifically, that this action be referred to a Magistrate Judge for all nondispositive matters, while
2 the District Judge retain jurisdiction for final dispositions, pursuant to 28 U.S.C. § 636(b)(1)(B),
3 Local General Order No. 262, and Local Rule 302(c). There is no authority for plaintiff's request
4 that only a district judge be assigned to this case.

5       Accordingly, plaintiff's request for the removal of the undersigned magistrate judge from
6 this case is denied, and the December 12, 2013 order remains in effect.

7       Next, plaintiff requests appointment of counsel. District courts lack authority to require
8 counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist.
9 Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney
10 to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935
11 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).
12 When determining whether "exceptional circumstances" exist, the court must consider plaintiff's
13 likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro
14 se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970
15 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The
16 burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances
17 common to most prisoners, such as lack of legal education and limited law library access, do not
18 establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

19       Plaintiff asserts that the instant action is complex, and that he is likely to succeed on the
20 merits of his claims, as allegedly demonstrated by plaintiff's spinal and shoulder surgeries in the
21 years following his alleged assault by defendant Carlton. Plaintiff points out that this case has
22 been pending for several months, and that he lacks the legal skills necessary to pursue this case.

23       While each of these factors appears to be valid, the court is not persuaded that they
24 demonstrate exceptional circumstances at this preliminary stage of this action. The court
25 dismissed plaintiff's original complaint due to the "shotgun" nature of plaintiff's myriad
26 allegations. After culling and setting forth what appeared to be the most salient of plaintiff's
27 allegations, the court concluded as follows (see ECF No. 13 at 9):
28 ////

> As the summary of plaintiff's factual allegations demonstrates, the court has been required to spend an inordinate amount of time identifying a chronology that appears to match the named (and unnamed) defendants with the conduct that plaintiff challenges. The court's effort to construe plaintiff's various legal claims, and to match these claims with each of the various defendants, for the purpose of permitting some claims to survive pursuant to the instant complaint, has proved unmanageable. While some of plaintiff's allegations may state potentially cognizable legal claims, they are overshadowed by the "shotgun" manner in which they are presented. . . . [¶]  The court finds the factual allegations and legal claims in plaintiff's complaint too confounded, vague and conclusory to proceed.

Plaintiff must strive to identify and articulate his most tangible and potentially cognizable claims.[1]  The court lacks the resources to appoint counsel to assist pro se plaintiffs with this initial

---

[1] The court provides the following legal standards to assist plaintiff in this task.  Plaintiff is further reminded that he must allege an actual connection or link between each alleged constitutional deprivation and the specific defendant(s) who allegedly engaged in the challenged conduct.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Excessive Force:  The Cruel and Unusual Punishments Clause of the Eighth Amendment protects prisoners from the use of excessive physical force.  Wilkins v. Gaddy, 559 U.S. 34, 36 (2010); Hudson v. McMillian, 503 U.S. 1, 8–9 (1992).  To state an Eighth Amendment excessive force claim, a plaintiff must allege that the use of force was an "unnecessary and wanton infliction of pain," Jeffers v. Gomez, 267 F.3d 895, 910 (9th Cir. 2001), applied not in "a good-faith effort to maintain or restore discipline, [but] maliciously and sadistically to cause harm," Hudson, 503 U.S. at 6–7.  Factors to be considered include the need for force; the relationship between that need and the amount of force used; the extent of the injury inflicted; the extent of the threat to staff and inmate safety reasonably perceived by prison officials; and any efforts made to temper the severity of the response.  See Whitley v. Albers, 475 U.S. 312, 321 (1976).

Deliberate Indifference to Serious Medical Needs:  Inadequate medical care does not constitute cruel and unusual punishment under the Eighth Amendment unless it demonstrates "deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  "In the Ninth Circuit, the test for deliberate indifference consists of two parts.  First, the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'  Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.  This second prong—defendant's response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference.  Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal citations and quotations omitted).

Retaliation:  "Within the prison context, a viable claim of First Amendment retaliation entails five

1  task.  Once plaintiff has clearly identified his claims, to the best of his ability, the court will duly

2  consider a further request for appointment of counsel.

3        Having considered the factors under <u>Palmer</u>, the court finds that plaintiff has failed to

4  meet his burden of demonstrating exceptional circumstances warranting the appointment of

5  counsel at this time.

6        For these several reasons, IT IS HEREBY ORDERED that:

7        1.  Plaintiff's request for the removal of the undersigned magistrate judge from this case,

8  and vacating of the undersigned's December 12, 2013 order (ECF No. 18), are denied; and

9        2.  Plaintiff's request for appointment of counsel (ECF No. 18), is denied without

10 prejudice.

11       SO ORDERED.

12 Dated:  February 28, 2014

14 / davi1100.31.etc

                                KENDALL J. NEWMAN
                                UNITED STATES MAGISTRATE JUDGE

---

basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005) (fn. and citations omitted).  At the pleading stage, the "chilling" requirement is met if the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities.'"  <u>Id.</u> at 568, quoting <u>Mendocino Environmental Center v. Mendocino County</u>, 192 F.3d 1283, 1300 (9th Cir. 1999).   However, direct and tangible harm will support a First Amendment retaliation claim even without demonstration of a chilling effect on the further exercise of a prisoner's First Amendment rights.  <u>Rhodes</u> at 568 n.11.