UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. DAVIS, | No. 2:11-cv-1100 TLN KJN P |
| Plaintiff, | |
| v. | ORDER |
| C. CARLTON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis. On July 11, 2014, the undersigned recommended that this action be dismissed based on plaintiff's failure to file an amended complaint.

On July 14, 2014, plaintiff's "addendum" to his complaint was entered on the court's docket. In his "addendum," plaintiff states that because he does not have access to his initial complaint or its exhibits, he is unable to prepare an amended complaint. (ECF No. 24 at 1-2.) Instead, plaintiff used the summation included in the court's screening order to supplement the items contained in the original complaint. Plaintiff states that he also created the addendum in an effort to expedite the court's review of his original complaint, "until [plaintiff] can gain access to [his] original documents [he] filed after [his] release from jail on October 16, 2014." (ECF No. 24 at 2.)

////

1

However, plaintiff was not granted leave to file an addendum or supplement to his original complaint. By order filed December 12, 2013, plaintiff's original complaint was dismissed, and plaintiff was granted leave to file an amended complaint that was complete in and of itself, and subject to a 25 page limit. Plaintiff was informed that his shotgun complaint was inappropriate. The screening of plaintiff's original complaint was made difficult by plaintiff's myriad complaints about multiple, unrelated events that took place during his incarceration in the Placer County Jail from July 6, 2009, through July 13, 2010. Plaintiff's "addendum" does not rectify such deficiencies.

Plaintiff appears to allege that some defendants are liable based on their role in the inmate grievance process. However, prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of

> morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  For example, plaintiff must bring his claim that defendant Carlton used excessive force in violation of the Eighth Amendment in a separate complaint from an action in which he alleges that Dr. Duncan was deliberately indifferent to plaintiff's serious medical needs by failing to provide catheters for self-catheterization, because they are unrelated causes of action against different defendants.

In an abundance of caution, the court vacates the findings and recommendations, and will grant plaintiff one final opportunity to file an amended complaint that complies with this court's December 12, 2013 order, as well as the instant order.  Plaintiff is cautioned that he is required to diligently prosecute this action, even if he is housed in the Los Angeles County Jail or other penal institution.

Plaintiff's original complaint is 81 pages long.  If plaintiff needs a copy of his complaint, the Clerk's Office will provide copies of documents at $0.50 per page.  Checks in the exact amount are made payable to "Clerk, USDC."  Plaintiff's in forma pauperis status does not entitle him to free photocopies.  Copies of documents in cases may also be obtained by printing from the public terminals at the Clerk's Office or by contacting Cal Legal Support Group at: 3104 "O" Street, Suite 291, Sacramento, CA 95816, phone 916-441-4396, fax 916-400-4948.

Failure to timely file an amended complaint will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 11, 2014 (ECF No. 22) are vacated;

2. Plaintiff's "addendum" is disregarded;

3. Plaintiff is granted sixty days from the date of this order in which to file an amended complaint that complies with the instant order, and the December 12, 2013 order; and

3

4. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983.

Dated: August 20, 2014

/davi1100.vac

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE